UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

GUSTAVO A. FURFARI
and other similarly situated individuals,

    Plaintiff,

v.

ALL -EMBRACED LLC,
and WILLIAM A. RODRIGUEZ, individually

    Defendants,

_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff GUSTAVO A. FURFARI and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants ALL-EMBRACED LLC, and WILLIAM A. RODRIGUEZ, individually, and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid regular and overtime wages under the United States laws.  This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act," (Section 216 for jurisdictional placement).  This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§1332 and 1367.

2. Plaintiff GUSTAVO A. FURFARI is a resident of Dade County, Florida, within the jurisdiction of this Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant ALL-EMBRACED LLC (hereinafter ALL-EMBRACED, or Defendant) is a Florida corporation, having its business in Miami-Dade, County, Florida. Defendant was and is engaged in interstate commerce.

4. The individual Defendant WILLIAM A. RODRIGUEZ was and is now, the owner/partner/officer and manager of Defendant Corporation ALL-EMBRACED. Defendant WILLIAM A. RODRIGUEZ is the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this Complaint took place in Dade County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff GUSTAVO A. FURFARI as a collective action to recover from Defendants minimum and overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after June 2020, (the "material time") without being adequately compensated.

7. Plaintiff GUSTAVO A. FURFARI brings also cause of action under Florida Workers' Compensation Law, F.S. 440.205.

8. Defendant is a construction company providing commercial and residential general construction services. Defendant's business is located at 8200 NW 41 ST, Suite 200, Doral, Florida 33166, where Plaintiff worked.

9. The Defendants ALL-EMBRACED and WILLIAM A. RODRIGUEZ employed Plaintiff GUSTAVO A. FURFARI as a non-exempted, full-time, hourly employee from approximately June 01, 2020, to March 05, 2021, 39 weeks.

10. Plaintiff was a construction laborer, and he had general construction duties such as demolishing, painting, flooring, performing electrical and plumbing work, etc. Plaintiff was paid at the rate of $16.25 an hour. Plaintiff's overtime rate should be $24.38 an hour.

11. During his employment with Defendants, Plaintiff regularly worked five days per week, from Monday to Friday, from 7:00 AM to 4:00 PM (9 hours each day). Plaintiff worked a minimum of 45 hours every week. Plaintiff was unable to take bonafide lunch periods.

12. Plaintiff regularly worked more than 40 hours every week, but he was paid for only 40 hours. Defendants did not pay Plaintiff for overtime hours.

13. Plaintiff did not clock in and out, but he worked under the closed supervision of the manager Roberto LNU and the business owner, WILLIAM A. RODRIGUEZ., and Defendants were able to keep track of the number of hours worked by Plaintiff and other similarly situated individuals. However, Defendants instructed Plaintiff and other similarly situated individuals to report up to only 40 working hours weekly.

14. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

15. Plaintiff was paid bi-weekly with checks without any record or paystub providing basic information about the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

16. On or about February 22, 2021, Plaintiff suffered a back injury while working for Defendants. Plaintiff immediately reported his injury to his manager and then to the owner of the business.

17. Defendants sent Plaintiff home to treat his injury and instructed him to look for medical attention at the hospital and tell the doctors that he had suffered his injury at home. Plaintiff refused to make a false statement.

18. On or about March 05, 2021, Plaintiff, still in pain, showed up to pick up the check corresponding to his last week of work. Nevertheless, the Defendants fired Plaintiff and did not pay him his wages. Defendants did not offer Plaintiff any assistance under the Florida Workers Compensation Law.

19. Plaintiff is not in possession of time and payment records, but he will provide a good faith estimate based on his best recollections. After Defendants provide time and payment records, Plaintiff will amend his Statement of Claim to include unpaid regular and overtime hours.

20. Plaintiff GUSTAVO A. FURFARI seeks to recover regular unpaid wages, overtime hours accumulated during all his time of employment, liquidated damages, retaliatory, and any other damages, as allowable by law.

21. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid regular wages or overtime hours at the rate of time and one half of their regular rate of pay for all overtime hours worked over forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

22. Plaintiff GUSTAVO A. FURFARI re-adopts every pertinent and factual allegation regarding him, as stated in paragraphs 1-21 above as if set out in full herein.

23. Plaintiff GUSTAVO A. FURFARI brings this action and those similarly situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

24. The Employer ALL-EMBRACED was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendants is a construction company that provides its services to companies engaged in interstate commerce. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendants obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the Employer's annual gross revenue was always more than $500,000 per annum. Therefore, there is enterprise coverage.

25. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by working for facilities engaged in interstate commerce and by handling and working on goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

26. The Defendants ALL-EMBRACED and WILLIAM A. RODRIGUEZ employed Plaintiff GUSTAVO A. FURFARI, as a non-exempted, full-time, hourly construction employee from approximately June 01, 2020, to March 05, 2021, or 39 weeks.

27. Plaintiff was construction labor, and he had general construction duties such as demolishing, painting, flooring, performing electrical and plumbing work, etc. Plaintiff was paid at the rate of $16.25 an hour. Plaintiff's overtime rate should be $24.38 an hour.

28. During his employment with Defendants, Plaintiff regularly worked five days per week, a minimum of 45 hours every week. Plaintiff was unable to take bonafide lunch periods.

29. Plaintiff regularly worked 45 hours or more every week, but he was paid for only 40 hours. Defendants did not pay Plaintiff for overtime hours.

30. Plaintiff did not clock in and out, but he worked under the manager Roberto LNU's closed supervision and the owner of the business, WILLIAM A. RODRIGUEZ. Defendants were able to keep track of the number of hours worked by Plaintiff and other similarly situated individuals. However, Defendants instructed Plaintiff and other similarly situated individuals to report by WhatsApp up to only 40 working hours weekly.

31. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

32. Plaintiff was paid bi-weekly with checks without any record or paystub providing basic information about the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

33. The records, if any, concerning the number of hours worked by Plaintiff GUSTAVO A. FURFARI and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of the Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

34. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

35. The Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

36. Before the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiff's good faith estimate of unpaid wages are as follows:

    *Please note that these amounts are based on preliminary calculations and that these figures could be subject to modification as new evidence could dictate.

    a. <u>Total amount of alleged unpaid wages</u>:

       Four Thousand Seven Hundred Fifty-Four Dollars and 10/100 ($4,754.10)

    b. <u>Calculation of such wages</u>:

       Total Period of employment:  39 weeks
       Relevant weeks of employment: 39 weeks
       Total hours worked:  45 hours weekly
       Total O/T hours: 5 O/T hours
       Regular rate: $16.25 an hour x 1.5= $24.38
       Overtime rate: $24.38

       O/T rate $24.38 x 5 O/T Hours=$121.90 weekly x 39 weeks=$4,754.10

    c. <u>Nature of wages (e.g., overtime or straight time)</u>:

    This amount represents the unpaid overtime compensation.

37. At all times, the Employers/Defendants ALL-EMBRACED and WILLIAM A. RODRIGUEZ failed to comply with Title 29 U.S.C. §207 (a) (1). In that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act, but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40), as provided in said Act.

38. Defendants ALL-EMBRACED and WILLIAM A. RODRIGUEZ showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

39. At times mentioned, individual Defendants WILLIAM A. RODRIGUEZ was the owner/partner/officer and manager of ALL-EMBRACED. Defendant WILLIAM A. RODRIGUEZ was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of ALL-EMBRACED concerning their employees, including Plaintiff and others similarly situated. Defendant WILLIAM A. RODRIGUEZ had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for the Plaintiff's damages.

40. Defendants ALL-EMBRACED and WILLIAM A. RODRIGUEZ willfully and intentionally refused to pay Plaintiff overtime wages as required by the United States law and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants.

41. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff GUSTAVO A. FURFARI and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff GUSTAVO A. FURFARI and other similarly situated individuals, and against the Defendants ALL-EMBRACED and WILLIAM A. RODRIGUEZ based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff GUSTAVO A. FURFARI and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

42. Plaintiff GUSTAVO A. FURFARI re-adopts every factual allegation as stated in paragraphs 1-21 of this Complaint as if set out in full herein.

43. This action is brought by Plaintiff GUSTAVO A. FURFARI and those similarly situated to recover from the Employer ALL-EMBRACED unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

44. The Employer ALL-EMBRACED was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendants is a construction company that provides its services to companies engaged in interstate commerce. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendants obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer was always more than $500,000 per annum. Therefore, there is enterprise coverage.

45. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, by working for facilities engaged in interstate commerce and by handling and working on

goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

46. U.S.C. §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

   (1) except as otherwise provided in this section, not less than—

   (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

   (B) $6.55 an hour, beginning 12 months after that 60th day; and

   (C) $7.25 an hour, beginning 24 months after that 60th day

47. The Defendants ALL-EMBRACED and WILLIAM A. RODRIGUEZ employed Plaintiff GUSTAVO A. FURFARI, as a non-exempted, full-time, hourly construction employee from approximately June 01, 2020, to March 05, 2021, or 39 weeks.

48. Plaintiff was construction labor, and he had general construction duties such as demolishing, painting, flooring, performing electrical and plumbing work, etc.  Plaintiff was paid at the rate of $16.25 an hour.

49. During his time of employment with Defendants, Plaintiff regularly worked five days per week, a minimum of 45 hours every week.  Plaintiff was unable to take bonafide lunch periods.

50. Plaintiff worked regularly more than 40 hours every week, but he was paid for only 40 hours. Defendants did not pay Plaintiff for overtime hours.

51. On or about February 22, 2021, Plaintiff suffered a back injury while working for Defendants.

52. Because of this work-related accident, Defendants fired Plaintiff on or about March 05, 2021.

53. At the time of his termination, Defendants denied Plaintiff his last week of work.  There are many hours that were not paid at any rate, not even the minimum wage rate.

54. Plaintiff did not clock in and out.  However, the Defendants were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

55. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act.

56. Plaintiff was paid strictly in cash every week, without any paystub providing basic information about the real number of working hours, wage rate, employment taxes, etc.

57. The records, if any, concerning the number of hours worked by Plaintiff GUSTAVO A. FURFARI and all others similarly situated employees, and the compensation paid to such employees should be in the possession and custody of Defendant.  However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

58. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

59. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiff's good faith estimate of the unpaid minimum wage is as follows:

\* Plaintiff's wage-rate was $16.25 an hour. Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid wages</u>:

      Three Hundred Forty-Six Dollars and 00/100 ($346.00)

   b. <u>Calculation of such wages</u>:

       Total weeks of employment: 39 weeks
       Total relevant weeks of employment:1 week
       Total hours worked: 40 regular hours
       Total number of regular unpaid hours: 40 hours
       Regular rate:  $16.25 an hour
       Fl. Minimum wages 2021: $8.65 an hour

       Min. wage $8.65 x 40 hours=$346.00

    c. <u>Nature of wages:</u>

       This amount represents unpaid minimum wages at the Florida minimum wage rate.

60. Defendants ALL-EMBRACED and WILLIAM A. RODRIGUEZ willfully and intentionally refused to pay Plaintiff minimum wages as required by the United States law and remain because of Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

61. Defendants ALL-EMBRACED and WILLIAM A. RODRIGUEZ knew and showed a reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages as set forth above. Plaintiff is entitled to recover double damages.

62. At times mentioned, individual Defendant WILLIAM A. RODRIGUEZ was the owner/partner/manager of ALL-EMBRACED.  Defendant WILLIAM A. RODRIGUEZ was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of ALL-EMBRACED concerning its employees, including Plaintiff and others similarly situated. Defendant WILLIAM A. RODRIGUEZ had absolute financial and operational control of ALL-EMBRACED, determining terms

and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for Plaintiff's damages.

63. Defendants ALL-EMBRACED and WILLIAM A. RODRIGUEZ willfully and intentionally refused to pay Plaintiff minimum wages as required by the United States law and remain because of Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff GUSTAVO A. FURFARI and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff GUSTAVO A. FURFARI and against the Defendants ALL-EMBRACED, and WILLIAM A. RODRIGUEZ based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff GUSTAVO A. FURFARI and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

**COUNT III**
**RETALIATORY DISCHARGE AGAINST ALL DEFENDANTS**
**PURSUANT TO F.S. 440.205;**

64. Plaintiff GUSTAVO A. FURFARI re-adopts every factual allegation as stated in paragraphs 1-21 of this Complaint as if set out in full herein.

65. At all times relevant, Plaintiff GUSTAVO A. FURFARI was employed by the Defendants ALL-EMBRACED and WILLIAM A. RODRIGUEZ as a construction laborer.

66. On or about February 22, 2021, Plaintiff suffered a work-related injury.

67. While Plaintiff was removing construction debris, he injured his lower back.

68. Plaintiff immediately reported the accident to his manager and then to the business owner WILLIAM A. RODRIGUEZ, who sent Plaintiff home to treat his injuries.

69. Defendants instructed Plaintiff to go to the hospital and tell the doctors he suffered the accident at home. Plaintiff refused to lie.

70. Defendant did not provide Plaintiff his rights under the Florida Workers Compensation Law.

71. Plaintiff sought emergency treatment by himself.

72. The above-alleged injuries did require medical treatment. However, due to the conduct of Defendants, Plaintiff did not get the necessary treatment.

73. On or about March 05, 2021, Plaintiff, still in pain, tried to pick up the check corresponding to his last week of work. Nevertheless, Defendants fired Plaintiff and did not pay him his hard-earned wages.

74. Defendants did not offer Plaintiff any assistance under the Florida Workers Compensation Law.

75. Plaintiff put Defendants ALL-EMBRACED and WILLIAM A. RODRIGUEZ on notice of his accident The Defendant was aware of Plaintiff's injuries on February 22, 2021.

76. When Plaintiff notified Defendant of his accident, he was asserting a valid claim for workers' compensation claim.

77. Defendant chose to threaten, intimidate, and then terminate Plaintiff instead of informing and offering him his protected rights under the Florida Workers' Compensation Law.

78. Defendants willingly refused to provide Plaintiff medical benefits under Workman's Compensation Law.

79. Plaintiff's work prior to his discharge was satisfactory or more than adequate. One of the motivating factors which caused Plaintiff's discharge as described above was the request or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq.

80. Plaintiff's request for worker's compensation benefits as described above contributed to Defendant's decision to discharge Plaintiff.

81. Defendant's termination of Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, Plaintiff has been damaged.

82. Plaintiff is in the process of filing a Petition for Workers' Compensation Benefits.

83. By reason of Defendant's discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages and has suffered emotional distress.

84. Defendant's conduct in discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights, so, therefore, Plaintiff is entitled to punitive damages.

85. The plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

WHEREFORE, the Plaintiff GUSTAVO A. FURFARI respectfully requests judgment against the Defendants ALL-EMBRACED and WILLIAM A. RODRIGUEZ for all back wages from the date of constructive discharge to the present date and an equal amount of back wages as liquidated damages; costs; reinstatement and promotion; injunctive relief prohibiting the Defendant from wrongfully discharging in the manner described above; front wages; punitive damages; attorney's fees pursuant to Fla. Stat. § 57.105 and for any other relief that this Court may deem and proper. Plaintiff GUSTAVO A. FURFARI and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

## JURY DEMAND

Plaintiff GUSTAVO A. FURFARI demands trial by a jury of all issues triable as right by a jury.

DATED: March 23, 2021

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*